MAX DANN, FANNY BANDLER, AND HENRY GROSS, EXECUTORS, ESTATE OF ISADOR H. BANDLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32341.   Promulgated June 12, 1930.

*Frank T. Horner, Esq.*, for the respondent.

OPINION.

TRAMMELL: In paragraph (e) 1 of the petition, it is alleged that there were policies of insurance on the life of the decedent payable to beneficiaries other than the decedent or his estate in the total amount of $51,188.46, as set forth in our findings of fact, above, and the answer of the respondent admits that there were such policies "in the respective amounts set forth in the petition." The deficiency letter, however, discloses that the respondent included in the decedent's gross estate "Insurance in excess of $40,000—$11,332.35." Thus, under the respondent's admission, the amount of insurance included in the gross estate is excessive to the extent of $143.89, which error should be corrected in the recomputation of the deficiency.

The petitioners further allege in their pleadings that the respondent erred in holding that said insurance constituted a part of the decedent's estate for the purpose of estate tax, and that "the provision of the statute imposing the estate tax on proceeds of life insurance payable to beneficiaries other than the decedent or his estate, is unconstitutional and without effect."

There was no appearance at the hearing on behalf of the petitioners and the case was submitted on the pleadings, but thereafter the petitioners filed a brief in which it was stated:

The only question at issue is one of law, whether or not property held by the decedent and his wife as tenants by the entireties is subject to the estate tax.

From this, we assume that the petitioners have abandoned the issue raised by them in respect of the insurance included in the decedent's gross estate, above referred to, but if we are mistaken in so assuming, there appears nothing in this record to distinguish the case from the case of *Chase National Bank* v. *United States*, 278 U. S. 327, decided adversely to the petitioner's contention. On this issue the determination of the respondent is approved except as above modified.

The second issue involves the action of the respondent in including in the decedent's gross estate the amount of $9,666.65 as representing his one-half interest in the residence acquired by the decedent and his wife at Philadelphia, Pa., in 1921 and held by them as tenants by the entireties. The petitioners assail this action of the

respondent and allege that " the provision of the statute imposing the estate tax is unconstitutional and without effect."

Tenancies by the entireties being recognized by the laws of Pennsylvania, this case comes within the decision of the Supreme Court of the United States in *Tyler* v. *United States*, 281 U. S. 497, on authority of which the action of the respondent on the second point herein is approved. See also *Ida A. Smith et al., Executors*, 20 B. T. A. 41.

*Judgment will be entered under Rule 50..*